**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| JASON D. SHIBAN, | : | BANKR. NO. 26-10463-AMC |
| | : | |
| Debtor. | : | |

_____

| | | |
|---|---|---|
| ANDREW R. VARA, | : | |
| UNITED STATES TRUSTEE, | : | ADV. NO. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JASON D. SHIBAN, | : | |
| | : | |
| Defendant. | : | |

_____

**COMPLAINT OF THE UNITED STATES TRUSTEE**
**OBJECTING TO THE GRANTING OF DEBTOR'S DISCHARGE**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee" or "Plaintiff"), by and through his undersigned counsel, as and for his complaint (this "Complaint") objecting to the granting of a discharge to Jason D. Shiban ("Debtor" or "Defendant") alleges as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

2.      This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

3.      Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a).

4.      The deadline for filing a complaint objecting to Defendant's discharge is May 18, 2026.  This Complaint is filed timely.

## PARTIES

5. Plaintiff is the United States Trustee for Region 3, which includes the Eastern District of Pennsylvania.

6. Pursuant to 28 U.S.C. § 586(a)(3), Plaintiff monitors and supervises the administration of cases commenced under, among other things, Chapter 7 of tile 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code").  Plaintiff brings this action pursuant to Bankruptcy Code section 727(c)(1).

7. Defendant Jason D. Shiban is an individual who filed a voluntary petition on February 5, 2026 (the "Petition Date"), commencing a case under Chapter 7 of the Bankruptcy Code in the Eastern District of Pennsylvania, which is captioned *In re: Jason D. Shiban*, Case No. 26-10463-AMC.  Defendant's residence at the time he filed his bankruptcy petition is believed to be 17 Mainland Rd Apt 118, Harleysville, Montgomery County, Pennsylvania 19438.

8. Plaintiff consents to the entry of a final order or judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

## BACKGROUND FACTS

9. On the Petition Date, Defendant commenced his bankruptcy case by filing a voluntary petition (the "Petition") for relief under Chapter 7 of the Bankruptcy Code.

10. At the time he filed his Petition, Defendant was represented by counsel.

11. Defendant continues to be represented by counsel.

12. On or about February 5, 2026, Robert Holber, Esq. was appointed trustee (the "Chapter 7 Trustee") in Defendant's case.  The Chapter 7 Trustee is charged with administering the assets of the estate pursuant to Bankruptcy Code section 704.  The Chapter 7 Trustee is an officer of the Chapter 7 estate charged with custody of estate property.

13.     The initial Meeting of Creditors pursuant to Bankruptcy Code section 341(a) (the "341 Meeting") was scheduled for March 18, 2026, making May 18, 2026 the initial deadline for action under sections 707(b) and 727.

14.     The 341 Meeting was concluded on April 2, 2026.

### Schedules

15.     On February 5, 2026, Defendant filed, *inter alia*, his Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "SOFA"). *See* Bankr. Doc. No. 1. Defendant signed the Schedules and SOFA under penalty of perjury.

16.     On February 5, 2026, Defendant filed, *inter alia*, his Means Test. *See* Bankr. Doc. No. 3. Defendant signed the Means Test under penalty of perjury.

17.     On March 13, 2026, Defendant filed amended Schedule A/B (Bankr. Doc. No. 9) ("Amended Schedule A/B"), amended Schedule C (Bankr. Doc. No. 10) ("Amended Schedule C" and together with Amended Schedule A/B, the "Amended Schedules"), and amended Statement of Financial Affairs (Bankr. Doc. No. 9) ("Amended SOFA").

18.     To date, no other amendments to any of the bankruptcy documents have been filed by Defendant.

### Undisclosed Accounts

19.     Initial Schedule A/B disclosed only Defendant's interest in two checking accounts located at USAA bank ending in 8824 and 3959 respectively.

20.     On March 10, 2026, U.S. Trustee sent correspondence to Defendant's counsel requesting explanations and supporting documentation for accounts that appeared to have not been disclosed on Defendant's Schedules. Those accounts included additional USAA bank accounts, a Charles Schwab account, a Robinhood account, and Cryptocurrency accounts.

21.    On March 13, 2026, Defendant filed the Amended Schedules, which disclose previously undisclosed assets that were identified by U.S. Trustee upon reviewing documents provided to Chapter 7 Trustee by Debtor.  In addition, the Amended SOFA now discloses that Defendant operates a business.

**Undisclosed Transfer**

22.    The SOFA and Amended SOFA disclose the sale of real property located at 1415 Federal Drive in Downingtown, PA that occurred on August 14, 2025.  The SOFA and Amended SOFA reflect that Defendant received $35,000 from the sale.

23.    Upon information and belief, Defendant received gross proceeds in the amount of $72,720.87 from the sale of 1415 Federal Drive in Downingtown, PA.  Upon information and belief, Defendant wired those sale proceeds into USAA account ending 8824 ("Account 8824") on August 14, 2025.

24.    Account 8824 is held jointly by Defendant and Stacie Tobin.  Stacie Tobin is Defendant's girlfriend.

25.    Upon information and belief, $72,000 was transferred from Account 8824 to USAA account ending 3959 ("Account 3959") on August 15, 2026.  Upon information and belief, at the time of the transfer, Account 3959 was held in the name of Defendant's ex-wife Kristen Shiban, however Defendant had an interest in the account.

26.    Upon information and belief, on August 19, 2025, a check in the amount of $36,000 was written by Defendant from Account 3959 to Stacie Tobin.

27.    Both the SOFA and Amended SOFA fail to disclose the receipt by Defendant of $72,720.87 in total sale proceeds; the transfer of those total sale proceeds into Account 8824; transfer of $72,000 into Account 3959; and the transfer by Defendant to Stacie Tobin in the amount of $36,000 from Account 3959.

4

**Alleged Victim of Fraud**

28.    Defendant purports that he was a victim of financial fraud between October 2025 through December 2025.

29.    Defendant's Account 3959 reflects a $7,700 wire out on November 12, 2025.

30.    Defendant's Account 3959 reflects a $7,100 wire out on November 13, 2025.

31.    Defendant asserts that these wires were made in connection with investments that were fraudulent in nature.

32.    Despite being requested to produce supporting documents for the alleged fraudulent transfers, Defendant failed to produce documentation sufficient to support the allegations.

**Additional Requested Documentation Defendant Failed to Produce**

33.    In an effort to understand the financial circumstances of Defendant, U.S. Trustee made multiple requests for Defendant to produce documents.   While Defendant provided documents, there remain material documents that have not been produced.   There are numerous transactions on Defendant's bank statements and other financial documents that led to U.S. Trustee requesting further documentation, which Defendant has failed to produce.   These requested documents include but are not limited to:

   a.  Empower Retirement Statements: Account 3959 reflects deposits on October 16, 2024 in the amounts of $3,350.49 and $12,262.25.  Debtor said that he cashed out his retirement accounts.   U.S. Trustee requested supporting documentation.   Defendant informed U.S. Trustee that no statements are available;

   b.  Documents showing communications or transactions involving Defendant's crypto fraud assertions;

c.  Documents establishing to whom wire transfers were sent from Account 3959 during the period of September 2025 through November 2025 in the total aggregate amount of $199,000;

d.  W2 statements for 2024 and 2025, where Defendant's tax returns show that he received wages, but Defendant testified at the 341 Meeting of Creditors that he was a contractor not a wage employee and Schedule I reflects that Defendant is not a wage employee;

e.  Bank Statements for Account 3959 for April 2024 through July 2024;

f.  Charles Schwab account statements from July 2024 and October 2024; and

g.  Kraken account statement, where documentation provided by Defendant reflects a $21,800 wire deposit on November 14, 2025 from Account 3959 to a Kraken account.

34.  In total, Defendant had $196,000 in total proceeds withdrawn from his Charles Schwab account in 2025 and does not disclose what happened to those proceeds.

35.  In total, Defendant had over $199,000 wired out of his bank accounts during September 2025 through November 2025 without providing supporting documents.

## I.   COUNT 1
### For Denial of Discharge of Defendant
### 11 U.S.C. § 727(a)(2)(A)

36.  The U. S. Trustee realleges and incorporates herein the allegations set forth in paragraphs 1 through 35 above.

37.  Bankruptcy Code section 727 provides that:

(a) the Court shall court shall grant a debtor a discharge unless … (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated or concealed, or permitted to be transferred, removed, destroyed, mutilated, or concealed (A) property of the debtor within one year before the date of the filing of the petition[.]

*See* 11 U.S.C. § 727(a)(2)(A).

38.     In not fully disclosing the transactions involving the real estate sale proceeds, Defendant with intent hindered, delayed or defrauded a creditor or an officer of the estate charged with custody of property under this title by transferring, removing, or concealing property of the estate within one year before the date of the filing of the Petition.

39.     Therefore, U.S. Trustee asserts that Defendant should be denied a discharge pursuant to Bankruptcy Code section 727(a)(2)(A).

**II.      COUNT 2**
**For Denial of Discharge of Defendant**
**11 U.S.C. § 727(a)(2)(B)**

40.     The U. S. Trustee realleges and incorporates herein the allegations set forth in paragraphs 1 through 39 above.

41.     Bankruptcy Code section 727 provides that:

(a) the Court shall court shall grant a debtor a discharge unless … (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated or concealed, or permitted to be transferred, removed, destroyed, mutilated, or concealed … (B) property of the estate, after the date of the filing of the petition[.]

*See* 11 U.S.C. § 727(a)(2)(B).

42.     Debtor failed to disclose real estate proceeds, various financial accounts, numerous financial transactions, and ownership of an operating business.  Debtor failed to provide requested documents to the U.S. Trustee and failed to make the requisite disclosures even after the U.S. Trustee identified the failures to disclose.  Defendant, therefore, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated or concealed property of the estate after the date of filing of the petition.

43.     Therefore, U.S. Trustee asserts that Defendant should be denied a discharge pursuant to Bankruptcy Code section 727(a)(2)(B).

### III.   COUNT 3
### For Denial of Discharge of Defendant
### 11 U.S.C. § 727(a)(3)

44.     The U. S. Trustee realleges and incorporates herein the allegations set forth in paragraphs 1 through 43 above.

45.     Bankruptcy Code section 727 provides that:

(a) the Court shall court shall grant a debtor a discharge unless … (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;.

*See* 11 U.S.C. § 727(a)(3).

46.     Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information regarding the transfers of significant monies from his bank accounts and investment accounts, which precludes the ability to ascertain Debtor's financial condition or transactions.

47.     Therefore, U.S. Trustee asserts that Defendant should be denied a discharge pursuant to Bankruptcy Code section 727(a)(3).

### IV.   COUNT 4
### For Denial of Discharge of Defendant
### 11 U.S.C. § 727(a)(4)(A)

48.     The U. S. Trustee realleges and incorporates herein the allegations set forth in paragraphs 1 through 47 above.

49.     Bankruptcy Code section 727(a)(4)(A) provides that the court shall grant a debtor a discharge unless "the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account."

50.     Defendant knowingly and fraudulently made false oaths and/or accounts on his filed bankruptcy schedules and statements regarding his assets, interests, and/or other financial transactions, including but not limited to the transfer of funds from the sale of the real property, owning or having interests in bank accounts, crypto accounts and investment accounts, ownership of a business, and transfers from and to his bank accounts, crypto accounts, and investment accounts.

51.     Therefore, U.S. Trustee asserts that Defendant should be denied a discharge pursuant to Bankruptcy Code section 727(a)(4)(A).

### V.      COUNT 5
### For Denial of Discharge of Defendant
### 11 U.S.C. § 727(a)(5)

52.     The U. S. Trustee realleges and incorporates the allegations set forth in paragraphs 1 through 51 above.

53.     Bankruptcy Code section 727(a)(5) provides that the court shall grant a debtor a discharge unless the debtor "has failed to explain satisfactorily . . . any loss of assets, or deficiency of assets to meet the debtor's liabilities."

54.     Defendant has not explained satisfactorily the loss of significant monies from his investment account, cryptocurrency account, and bank accounts.

55.     U.S. Trustee asserts that Defendant should be denied a discharge pursuant to Bankruptcy Code section 727(a)(5).

9

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(i)     On Count I against Defendant, for an order by this Court denying Defendant's discharge from his debts pursuant to 11 U.S.C. § 727(a)(2)(A);

(ii)    On Count II against Defendant, for an order by this Court denying Defendant's discharge from his debts pursuant to 11 U.S.C. § 727(a)(2)(B);

(iii)   On Count III against Defendant, for an order by this Court denying Defendant's discharge from his debts pursuant to 11 U.S.C. § 727(a)(3);

(iv)    On Count IV against Defendant, for an order by this Court denying Defendant's discharge from his debts pursuant to 11 U.S.C. § 727(a)(4)(A);

(v)     On Count V against Defendant, for an order by this Court denying Defendant's discharge from his debts pursuant to 11 U.S.C. § 727(a)(5); and

(I)     such further and additional relief the Court deems just and proper.

Dated: May 14, 2026                              **ANDREW R. VARA**
                                                 **UNITED STATES TRUSTEE**
                                                 **REGIONS 3 AND 9**

                                                 By: /s/ *John Schanne*
                                                 John Schanne, Trial Attorney
                                                 United States Department of Justice
                                                 Office of the United States Trustee
                                                 Robert NC Nix, Sr. Federal Building
                                                 900 Market Street, Suite 320
                                                 Philadelphia, PA 19107
                                                 Telephone: (202) 934-4154
                                                 Email: john.schanne@usdoj.gov